UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60409-CIV-SINGHAL/VALLE

RICARDO SABATER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

AMERICAN JOURNEY (PET), LLC and
CHEWY, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss First Amended Complaint (DE [56]). Plaintiff has filed a Response in Opposition (DE [61]), and Defendants have filed a Reply (DE [70]). For the reasons discussed below, the Court grants Defendants' Motion.

**I. BACKGROUND**

Plaintiff Ricardo Sabater's ("Plaintiff") claims against Defendants American Journey (PET), LLC and Chewy, Inc. (collectively, "Defendants") arise out of his purchase of dog food manufactured by Defendants. According to the First Amended Class Action Complaint ("FAC") (DE [55]), the American Journey Grain-Free Lamb & Sweet Potato Recipe and Grain-Free Beef & Sweet Potato Recipe (collectively, "Grain-Free Products") formulas of dog food "claim to be limited ingredient, grain-free pet foods." FAC ¶ 2 (DE [55]). Plaintiff purchased the Beef & Sweet Potato Recipe product for his two dogs three times per month between April and September 2020, relying on the representations on the products' packaging that they contained "no wheat" and were "grain free." *Id.* ¶¶ 12–

14; *see also id.* ¶¶ 30, 33–34.

Plaintiff stopped purchasing the Grain-Free Products when he noticed that his dogs had digestive issues and patches on their fur shortly after eating the products. *Id.* ¶ 16. Plaintiff spent money at the veterinarian to treat the dogs' symptoms, and the symptoms stopped when Plaintiff switched his dogs to a different brand of food. *Id.* Plaintiff also contends that he would not have purchased the Grain-Free Products, or would not have paid a premium for them, had he known that they were not actually grain free. *Id.* ¶¶ 17, 30. Based on these basic facts, Plaintiff alleges four claims under Florida law on behalf of himself and putative class members in Florida and throughout the country: (I) breach of express warranty; (II) breach of implied warranty of merchantability; (III) unjust enrichment; and (IV) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*

Plaintiff also details the material misrepresentations in the Grain-Free Products: the bags state, "no corn, wheat or soy" and "grain-free"—despite containing wheat—thus making the representations false. *Id.* ¶¶ 33–36. More specifically, Plaintiff alleges that his "independent analysis of the ingredients of the Grain-Free Products" revealed that they "contain material amounts of wheat, i.e., amounts above a trace amount by any scientific metric using the industry standard Q-PCR method of DNA testing." *Id.* ¶ 37. Plaintiff does not explain any details of the independent analysis but notes that the testing revealed an amount of wheat that exceeds the 1% threshold, which is too great to be considered "cross contamination." *Id.* ¶¶ 38, 40. Defendants now move to dismiss the FAC on the grounds that (1) Plaintiff lacks Article III standing to bring this action for damages for products he did not purchase; (2) Plaintiff lacks standing to pursue injunctive

relief; and (3) Plaintiff fails to state a claim for the breach-of-warranty claims.

## II.  LEGAL STANDARD

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).  Article III standing requires the plaintiff to establish three elements: that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  At the pleading stage, the plaintiff must allege facts that "plausibly" demonstrate each standing element.  *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021) (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020)).

Under Federal Rule of Civil Procedure 12(b)(6), the complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678). In ruling on the motion to dismiss, the court "'accept[s] as true the facts stated in the complaint and all reasonable inferences' derived from those facts."  *Tennyson v. ASCAP*, 477 Fed. Appx. 608, 609 n.2 (11th Cir. 2012) (quoting *Jackson v. Okaloosa Cty.*, 21 F.3d

1531, 1534 (11th Cir. 1994)).

### III.  DISCUSSION

Defendants launch a factual attack on Plaintiff's Article III standing to assert his claims for monetary relief.[1]  To establish an injury-in-fact, the plaintiff must allege that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Spokeo, Inc.*, 578 U.S. at 339 (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 560).  Defendants contend that Plaintiff fails to allege any details of his "independent analysis" and fails to allege that he performed the independent analysis on one of the bags he actually purchased.

The Court agrees with Defendants that Plaintiff has failed to come forward with evidence establishing an injury-in-fact.  The FAC does not specify on which product the independent analysis was performed, the methodology of the analysis, or the results of the analysis, other than to state that it revealed an amount of wheat above the 1% cross-contamination threshold amount, which Plaintiff considers to be an amount "above a trace amount."  While the Court is not suggesting that the full analysis and results need to be pleaded at this stage, the Court cannot overlook Defendants' undisputed evidence contradicting Plaintiff's allegations.

In support of their Motion, Defendants rely on the declaration of Stephanie Hoffman (DE [56-1]), Chewy's director of quality assurance when Plaintiff purchased the dog food.  Hoffman attests that each dog food product has a unique recipe that contains more than

---

[1] When a defendant mounts a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  Thus, the Court may resolve disputed jurisdictional facts.  *See id.* (quoting *Lawrence*, 919 F.2d at 1529).

35 ingredients, and none of the ingredients in the Grain-Free Products are grains. Hoffman Decl. ¶ 10 (DE [56-1]). The ingredients come from more than 40 suppliers from 25 different countries, and the suppliers and countries change periodically. *Id.* ¶¶ 13, 14. Chewy does not intentionally add grain to any of its Grain-Free Products, *id.* ¶ 10, and Plaintiff does not specify which of Defendant's products contained the above-trace amounts of wheat, *id.* ¶ 11. Further, within each manufacturing facility, the Grain-Free Products "are manufactured in varying lot sizes, at different times, using different production methods, and with different equipment, run times, storage methods, and volumes." *Id.* ¶ 16. These variations necessarily require testing individual bags to determine whether incidental or unintended grain was present in any given bag. *Id.* ¶ 17.

With no specifics in the FAC—or in other counterevidence—addressing these points, the Court finds Plaintiff has failed to carry his burden of establishing that he suffered an injury-in-fact that is fairly traceable to Defendants' conduct. In light of the factual attack on the FAC—and given Plaintiff's failure to allege that the bags he purchased contained wheat—the Court is not required to accept as true the unsubstantiated allegations that an unspecified bag was tested and revealed that it contained wheat above trace amounts.[2] Thus, this case is distinguishable from the cases Plaintiff cites where the defendants did not assert a factual attack or where the plaintiff supported the allegations in the complaint with the actual results of testing. *See, e.g.*, *Fishon v. Mars Petcare US, Inc.*, 501 F. Supp. 3d 555, 564–65 (M.D. Tenn. 2020)

---

[2] The Court acknowledges that, "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530 (citation omitted). Here, however, the Court is not reaching the merits of Plaintiff's claims such that Defendants' Motion to Dismiss needs to be converted into a motion for summary judgment. Instead, the Court simply finds that Plaintiff has failed to establish standing.

(discussing *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130 (N.D. Cal. Mar. 16, 2020)). Accordingly, the Court finds that Plaintiff has failed to prove Article III standing to assert his claims for monetary damages. *Cf. Doss v. Gen. Mills, Inc.*, 816 Fed. Appx. 312, 314 (11th Cir. 2020) (affirming dismissal for lack of standing where plaintiff failed to allege that the boxes of Cheerios she purchased "contained any glyphosate, much less a level of glyphosate that is so harmful the Cheerios are 'presumptively unsafe' and therefore worthless" under a benefit-of-the-bargain theory of product defect (citing *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1086 (11th Cir. 2019))).

Plaintiff also lacks Article III standing to seek injunctive relief. *See* FAC ¶ 80 (DE [55]). "In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328–29 (11th Cir. 2013) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Id.* at 1329 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001); *Wooden*, 247 F.3d at 1284); *see also Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021) ("[I]f a plaintiff seeks prospective relief, . . . he must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999))).

Here, the Court does not see how Plaintiff can maintain his theory of the case—

that he would not have purchased the Grain-Free Products or would not have paid a premium had he known they contained wheat—while also maintaining that he will purchase the products again in the future if they are correctly labeled. As Defendants note, correctly labeling the Grain-Free Products will not change their ingredients or composition. Plaintiff specifically stopped feeding his dogs the Beef & Sweet Potato Recipe allegedly because of his dogs' adverse reactions to the wheat. Thus, Plaintiff cannot plausibly allege that he will purchase the products in the future if they are properly labeled as containing grain, when his whole theory of the case is that he does not want to feed his dogs grain. Plaintiff therefore fails to establish a substantial likelihood of future injury for injunctive relief. Because Plaintiff has failed to establish Article III standing, the Court need not reach the merits of whether the FAC states a claim under Rule 12(b)(6). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss First Amended Complaint (DE [56]) is **GRANTED** for Plaintiff's lack of Article III standing. The First Amended Complaint (DE [55]) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of October 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF